IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NICKOLAS SMITH, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

KALSHI INC; KALSHIEX LLC; KALSHI
KLEAR INC.; KALSHI KLEAR LLC;
KALSHI TRADING LLC; SUSQUEHANNA
INTERNATIONAL GROUP, LLP;
SUSQUEHANNA GOVERNMENT
PRODUCTS, LLLP; and ROBINHOOD
DERIVATIVES, LLC,

Defendants.

Case No. 26-cv-12413

(Removed from the Superior Court of
Suffolk County, Massachusetts
Case No. 2684CV01188)

## NOTICE OF REMOVAL

Defendant Robinhood Derivatives, LLC ("Robinhood") hereby removes this action from

the Superior Court of Suffolk County, Massachusetts, to this Court under 28 U.S.C. §§ 1331, 1332,

1441, and 1446. The remaining defendants—Kalshi Inc., KalshiEX LLC, Kalshi Klear Inc.,

Kalshi Klear LLC, Kalshi Trading LLC, Susquehanna International Group LLP, and Susquehanna

Government Products LLLP (collectively with Robinhood, "Defendants")—consent to removal.

1.     Plaintiff Nickolas Smith—who has a binding agreement to arbitrate any claims

against Robinhood—filed this putative class action in the Superior Court of Suffolk County,

Massachusetts, on April 22, 2026. Compl., *Smith v. Kalshi, Inc., et al.*, No. 2684CV01188 (Mass.

Super. Ct.). Counsel for Robinhood agreed to accept service of the complaint on May 5, 2026,

and Plaintiff agreed to allow Robinhood 60 days from the date of service to respond to the

complaint. A copy of the complaint received by Robinhood is attached as Exhibit A.

1

2.      Plaintiff's complaint asserts a claim under the Massachusetts General Laws, chapter 137, § 1, as well as a claim for unjust enrichment, to recover the alleged losses on behalf of himself and a putative class of "thousands of Massachusetts consumers" who purportedly "us[ed] Robinhood's and Kalshi's websites and mobile apps" to trade event contracts, a type of federally regulated derivatives contract.  Ex. A ¶¶ 2, 4.  Chapter 137, § 1 traces to the Statute of Anne, a 1710 English anti-gambling law.  Plaintiff argues that Massachusetts's Statute of Anne permits him and a putative class of thousands of Massachusetts residents to recover alleged losses from those traded event contracts, plus attorney's fees and costs.  Ex. A ¶ 2.  Yet Plaintiff has sued companies that merely make those contracts available—including KalshiEX LLC (hereinafter "Kalshi"), which operates the federally registered exchange on which the contracts trade, as well as Robinhood Derivatives, LLC, a federally registered derivatives intermediary that accepts orders from customers for Kalshi's event contracts, as it does for many other federally regulated derivatives products on its trading platform.

**FIRST GROUND FOR REMOVAL:**
**FEDERAL QUESTION JURISDICTION**

3.      This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Statute of Anne claim requires the adjudication of federal law issues that are "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005)).

4.      Plaintiff's claim requires addressing whether the event contracts at issue are illegal gambling—which necessarily raises substantial and disputed federal law issues.  For decades, Massachusetts courts have repeatedly held that Massachusetts's Statute of Anne targets only

*illegal* gambling contracts, and that a plaintiff must plead and prove illegality as an element of its claim. *See Donovan v. Eastern Racing Ass'n*, 86 N.E.2d 903, 905-06 (Mass. 1949) (affirming dismissal of Statute of Anne claim because the alleged betting on horse races was "within the statute" authorizing such wagering); *Landers v. Eastern Racing Ass'n*, 97 N.E.2d 385, 388 (Mass. 1951) (gambling on horse races is "indubitably a violation of the [Statute of Anne] *unless* what was done was *made lawful*" (emphases added)); *cf. Gibney v. Olivette*, 82 N.E. 41, 41 (Mass. 1907) ("[t]he right to recover, given to a loser" of gambling contracts, "depends upon the fact that such a contract is illegal"). Indeed, Plaintiff's own complaint asserts that Plaintiff "may sue for the uncollected losses Defendants have inflicted on them" "[b]ecause Kalshi's sports contracts are illegal." Ex. A ¶ 116.

5.    As Defendants will demonstrate, however, the event contract trading here is legal under the Commodity Exchange Act (CEA) and the Commodity Futures Trading Commission's (CFTC) implementing regulations because it occurs on Kalshi's CFTC-regulated exchange. *See* 7 U.S.C. § 7a-2(c)(1); 17 C.F.R. § 40.2. Plaintiff's allegation that the transactions here are illegal under Massachusetts law only underscores the centrality of *federal* law to this case. The Massachusetts law Plaintiff cites does not apply here because the CEA preempts it by granting the CFTC "exclusive jurisdiction" over derivatives, including event contracts, traded on CFTC-regulated exchanges like Kalshi. 7 U.S.C. § 2(a)(1)(A). Therefore, although preemption generally is an affirmative defense that does not give rise to federal question jurisdiction, here Plaintiff's attempt to establish illegality under Massachusetts's Statute of Anne "necessarily entails answering the embedded federal question of whether federal law" preempts Massachusetts's anti-gambling laws as applied to event contracts. *Rhode Island Fisherman's Alliance, Inc. v. Rhode Island Dep't of Envt'l Mgmt.*, 585 F.3d 42, 49 (1st Cir. 2009).

6.     Plaintiff's claim thus turns on the legality under federal statutes of federally regulated derivatives contracts traded on a federally regulated exchange.  Those are substantial federal issues that belong in a federal forum.  *Grable*, 545 U.S. at 314-15.  Indeed, Congress enacted the CEA to provide "a comprehensive regulatory structure to oversee the volatile and esoteric futures trading complex" and vested the CFTC with "*exclusive* jurisdiction" to administer it.  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 355-56, 386 (1982) (emphasis added); *see* 7 U.S.C. § 2(a)(1)(A) (the CFTC "shall have exclusive jurisdiction" over, *inter alia*, transactions involving derivatives contracts "traded or executed on a [designated] contract market").  And the CFTC has now sued six States for intruding on its exclusive jurisdiction by seeking to prohibit the trading of event contracts on exchanges like Kalshi's.  *See, e.g.*, CFTC Press Release, LTR 9220-26, "CFTC Sues Wisconsin to Reaffirm its Exclusive Jurisdiction Over Prediction Markets" (Apr. 28, 2026), https://perma.cc/G7Y3-GPW5; CFTC Press Release, LTR No. 9233-26, "CFTC Sues Minnesota to Block State Law" (May 19, 2026), https://perma.cc/QW72-S3VP.  Yet Plaintiff's claim under the Statute of Anne threatens to upset this comprehensive federal regulatory structure by impugning under state law event contracts the CFTC has allowed to be traded on the exchanges it exclusively regulates.  *See Grable*, 545 U.S. at 315.  In light of that paramount federal interest, this Court's jurisdiction over this case will not "distur[b]," but rather respect, the "congressionally approved balance of federal and state judicial responsibilities."  *Id.* at 314.

## SECOND GROUND FOR REMOVAL:
## CLASS ACTION FAIRNESS ACT

7.     This Court has diversity jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

4

8.      "In enacting CAFA, Congress was responding to what it perceived as abusive practices by plaintiffs and their attorneys in litigating major interstate class actions in state courts." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 47 (1st Cir. 2009).  Congress accordingly "made a federal forum more accessible to removing defendants" and "extend[ed] federal subject matter jurisdiction to include most major interstate class actions."  *Id.*

9.      Under CAFA, a federal district court has diversity jurisdiction over a "class action" when (1) there is minimal diversity of citizenship between the parties, *i.e.*, if "any member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) the aggregate amount in controversy exceeds $5 million; and (3) the proposed class contains at least 100 members.  *Id.* § 1332(d)(2), (5).  CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  *Id.* § 1332(d)(1)(B).

10.      This case involves a "class action" under CAFA because Plaintiff expressly seeks to represent a class under Massachusetts Rule of Civil Procedure 23, Ex. A ¶ 134—a rule "similar" to its federal analogue, 28 U.S.C. § 1332(d)(1)(B); *Kingara v. Secure Home Health Care Inc.*, 489 Mass. 393, 394-95 (2022) ("We have noted that [Mass. R. Civ. P.] 23 was written in the light of Fed. R. Civ. P. 23, hence case law construing the Federal rule is analogous and extremely useful." (citation omitted)); *see also Romulus v. CVS Pharma., Inc.*, 770 F.3d 67, 69-70 (1st Cir. 2014) (accepting removal of class action filed in Massachusetts state courts under CAFA); *McMorris v. TJX Cos., Inc.*, 493 F. Supp. 2d 158, 160-61 (D. Mass. 2007) (same).

11.      Based on the allegations in Plaintiff's complaint, all three statutory requirements for exercising diversity jurisdiction under CAFA are met here.

5

12.    There is at least minimal diversity.  For diversity purposes, a person is a "citizen" of the state in which he is domiciled, and "residence . . . is prima facie proof of . . . domicile." *Dee v. Chelsea Jewish N. Shore Assisted Living, Inc.*, 585 F. Supp. 3d 119, 123 (D. Mass. 2022). Plaintiff alleges that he is a resident of Massachusetts.  Ex. A ¶ 3.  He also purports to bring this suit "on behalf of himself and others similarly situated" who are "[r]esidents of the Commonwealth."   *Id.*  ¶ 74.   And at least one of the Defendants is not a citizen of Massachusetts.  For example, Defendant Robinhood Derivatives, LLC is a citizen of Delaware and Illinois for purposes of CAFA because it is organized under the laws of Delaware and has its principal place of business in Chicago, Illinois.  28 U.S.C. § 1332(d)(10); *see* Ex. A ¶ 19.

13.    In addition, the complaint demonstrates that the aggregate amount in controversy of the alleged losses likely exceeds $5 million.  Plaintiff alleges he lost "tens of thousands of dollars" in a one-month period in 2026 and seeks to represent a class of "thousands of Massachusetts consumers who lost substantial sums of money."  Ex. A ¶¶ 2, 11, 139.  Even if only a few thousand Massachusetts residents lost a few thousand dollars each, the aggregate amount in controversy would exceed $5 million.  And regardless, Plaintiff also seeks injunctive and declaratory relief with respect to the challenged event contract trading—relief that would affect all of the event contract trading that Robinhood facilitates and easily crosses the jurisdictional amount threshold.  *See id.* Prayer for Relief ¶ D; *see also Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

14.    Finally, Plaintiff asserts that discovery will "likely" reveal "at least thousands of members of the Classes," easily clearing CAFA's 100-member threshold.  Ex. A ¶ 136.

## THIRD GROUND FOR REMOVAL:
## DIVERSITY JURISDICTION

15.     This Court also has diversity jurisdiction under 28 U.S.C. § 1332 on the basis of complete diversity of citizenship.

16.     There is complete diversity of citizenship between the named parties. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549, 566-67 (2005). Plaintiff is a resident of Massachusetts. Ex. A ¶ 3. For purposes of 28 U.S.C. § 1332(a), Robinhood Derivatives, LLC is a citizen of Delaware and California. "[T]he citizenship of a limited liability company 'is determined by the citizenship of all of its members.'" *D.B. Zwirn Special Opportunities Fund, LP v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (quoting *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006), in turn citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). The sole member of Robinhood Derivatives, LLC is Robinhood Markets, Inc., which is incorporated in Delaware and has its principal place of business in California. And Plaintiff does not allege that any of the remaining defendants is a citizen of Massachusetts. Ex. A ¶¶ 12-19 (alleging that the remaining defendants are incorporated or have their principal place of business in Delaware, New York, and Pennsylvania).

17.     As mentioned above, a fair reading of the Complaint also shows that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff alleges that he lost "tens of thousands of dollars" in a "one-month period," and seeks recovery for both those losses and Defendant Kalshi's "transaction fees, deposit and withdrawal fees and profits." *See* Ex. A ¶¶ 11, 126, 139. And again, Plaintiff also seeks injunctive and declaratory relief that would affect all of the event contract trading that Robinhood facilitates and easily crosses the jurisdictional amount threshold. *See id.* Prayer for Relief ¶ D; *see also Hunt*, 432 U.S. at 347.

7

**ALL REMOVAL REQUIREMENTS ARE MET**

18.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action because, as explained:

   a.   The complaint necessarily raises a substantial, disputed federal question that belongs in federal court;

   b.   The requirements for removal under CAFA are satisfied based on the allegations in Plaintiff's complaint; and

   c.   The requirements for removal through complete diversity of citizenship are satisfied based on the allegations in Plaintiff's complaint.

19.     Venue is proper in this Court because this judicial district embraces the Superior Court of Suffolk County, Massachusetts, in which this case was filed.  28 U.S.C. §§ 1391, 1441(a), 1446(a).

20.     In accordance with 28 U.S.C. § 1446(b)(1) and (2)(B), this removal is timely because it is being filed within 30 days of Robinhood Derivatives, LLC's receipt of service of Plaintiff's complaint.

21.     All other Defendants consent to this notice of removal.    28 U.S.C. § 1446(b)(2)(A), (C).

22.     A copy of the current docket sheet of the Superior Court of Suffolk County, Massachusetts, is attached as Exhibit B.

23.     Robinhood will provide Plaintiff with written notice of this filing, and it will promptly file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of Suffolk County, Massachusetts.  The Notice of Filing of Notice of Removal to be filed with the Superior Court of Suffolk County, Massachusetts, is attached as Exhibit C.  28 U.S.C. § 1446(d).

24.    By filing or consenting to this Notice of Removal, Defendants do not waive any objections as to notice, service, personal jurisdiction, venue, or any other defenses.  Defendants reserve all of their defenses, and this Notice of Removal is filed subject to full reservation of rights, including any rights to compel arbitration and all objections, arguments, and defenses to Plaintiff's complaint.

## CONCLUSION

Robinhood respectfully requests removal to this Court, and that the Court retain jurisdiction for all further proceedings in this matter.

May 28, 2026                                        Respectfully submitted.

/s/ Nicholas J. Schneider

Craig Waksler (BBO No. 566087)
Nicholas J. Schneider (BBO No. 688498)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
2 International Place #1600
Boston, MA  02110
Phone:  (617) 342-6890
Fax:  (617) 342-6899
CWaksler@eckertseamans.com
nschneider@eckertseamans.com

Eugene Scalia*
Jonathan C. Bond*
Nick Harper*
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington, D.C.  20036
Phone:  (202) 955-8500
Fax:  (202) 530-9603
EScalia@gibsondunn.com
JBond@gibsondunn.com
NHarper@gibsondunn.com

*Application for admission pro hac vice forthcoming

Counsel for Defendant Robinhood Derivatives, LLC

9

**CERTIFICATE OF SERVICE**

I certify that on May 28, 2026, I filed this document through the ECF system and that notice will be electronically sent to all registered participants identified on the Notice of Electronic Filing and that paper copies will be sent via First-Class Mail to all non-registered participants.

/s/ Nicholas J. Schneider
Nicholas J. Schneider

10