**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Nickolas Smith, <br><br> individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br>         v. <br><br> Kalshi Inc., KalshiEX LLC, Kalshi Klear Inc., Kalshi Klear LLC, Kalshi Trading LLC, Susquehanna International Group, LLP and Susquehanna Government Products LLLP and Robinhood Derivatives LLC, <br><br>     Defendants. | C.A. 1:26-cv-12413-FDS <br><br><br><br> Leave to file granted on July 8, 2026 (Doc. No. 55) |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO ROBINHOOD DERIVATIVES, LLC'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Edward F. Haber (BBO #215620)
Ian J. McLoughlin (BBO #647203)
Patrick J. Vallely (BBO #663866)
Shapiro Haber & Urmy LLP
One Boston Place, 26th Floor
Boston, MA 02108
Telephone: (617) 439-3939
Fax: (617) 439-0134
ehaber@shulaw.com
imcloughlin@shulaw.com
pvallely@shulaw.com

PUBLIC HEALTH ADVOCACY
INSTITUTE
Andrew Rainer (BBO #542067)
Jacob B. Wolk (BBO #699263)
Mark Gottlieb (BBO #627008)
360 Huntington Avenue, CU117
Boston, MA 02115
(617) 373-2026
arainer@phaionline.org
jacobwolk@phaionline.org
mark@phaionline.org

**Table of Contents**

Page

I.      The Court Must Decide Gateway Questions of Arbitrability............................................... 1

II.     Robinhood Still Fails to Demonstrate Notice and Assent...................................................... 3

III.    The Purported Agreement Fails for Lack of Mutuality........................................................ 4

IV.     The CEA's Scope Is Not "Off Limits.".................................................................................. 6

V.      The Kalshi Rulebook Does Not Provide a Viable Forum....................................................... 6

## Table of Authorities

Page

**Cases**

*A.L. Prime Energy Consultant, Inc. v. Mass. Bay Transp. Auth.*,
479 Mass. 419 (2018) ..............................................................................................................5

*Buckeye Check Cashing, Inc. v. Cardegna*,
546 U.S. 440 (2006) ............................................................................................................ 1, 3

*Chastain v. Robinson-Humphrey Co.*,
957 F.2d 851 (11th Cir. 1992)...............................................................................................2

*Coinbase, Inc. v. Suski*,
602 U.S. 143 (2024) ...............................................................................................................1

*Emmanuel v. Handy Techs. Inc.*,
992 F.3d 1 (1st Cir. 2021)................................................................................................. 2, 4

*First Options of Chicago, Inc. v. Kaplan*,
514 U.S. 938 (1995)................................................................................................................1

*Good v. Uber Techs., Inc.*,
494 Mass. 116 (Mass. 2024) ............................................................................................. 3, 4

*Granite Rock Co. v. Int'l Bhd. Of Teamsters*,
561 U.S. 287 (2010)............................................................................................................ 1, 2

*IBEW v. Energy Harbor Nuclear Corp.*,
171 F.4th 222 (3d Cir. 2026)..................................................................................................6

*IBEW v. GKN Aero. N. An., Inc.*,
431 F.3d 624 (8th Cir. 2005)..................................................................................................6

*In re Easysaver Rewards Litig.*,
737 F. Supp. 2d 1159 (S.D. Cal. 2010) .................................................................................4

*Independent Lift Truck Builders Union v. Hyster Co.*,
2 F.3d 233 (7th Cir. 1993) .....................................................................................................6

*Int'l FCStone Fin., Inc. v. Jacobson*,
2019 U.S. Dist. LEXIS 92779 (N.D. Ill. June 4, 2019) ........................................................6

*Int'l FCStone Fin., Inc. v. Jacobson*,
950 F.3d 491 (7th Cir. 2020)..................................................................................................6

*Jackson v. Action for Boston Community Development, Inc.*,
403 Mass. 8 (1988)............................................................................................................. 2, 5

*Kauders v. Uber Techs., Inc.*,
    486 Mass. 557 (Mass. 2020) ................................................................................. 3, 4

*Kobayashi v. Orion Ventures*,
    42 Mass. App. Ct. 492 (App. Ct. 1997) .......................................................................5

*Monper v. Boeing Co.*,
    2016 U.S. Dist. LEXIS 56934 (W.D. Wash. Apr. 28, 2016) ....................................4

*Nat'l Fed'n of the Blind v. Container Store, Inc.*,
    2016 U.S. Dist. LEXIS 98067 (D. Mass. Mar. 11, 2016) ..........................................2

*Nat'l Fed'n of the Blind v. Container Store, Inc.*,
    904 F.3d 70 (1st Cir. 2018) ........................................................................................2

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
    388 U.S. 395 (1967) ....................................................................................................1

*Sanford v. Member Works, Inc.*,
    483 F.3d 956 (9th Cir. 2007) .....................................................................................2

*SBRMCOA, LLC v. Bayside Resort, Inc.*,
    707 F.3d 267 (3rd Cir. 2013) .....................................................................................2

*Simons v. Am. Dry Ginger Ale Co.*,
    335 Mass. 521 (1957) .................................................................................................5

*Sphere Drake Ins. Ltd. v. All Am. Ins. Co.*,
    256 F.3d 587 (7th Cir. 2001) .....................................................................................2

*Toth v. Everly Well, Inc.*,
    118 F.4th 403 (1st Cir. 2024) ................................................................................ 2, 4

*Uno Rests., Inc. v. Boston Kenmore Realty Corp.*,
    441 Mass. 376 (2004) .................................................................................................5

**Statutes**

7 U.S.C. § 7 ........................................................................................................................5

**Rules**

17 C.F.R. § 166.5 ...............................................................................................................5

## I.    THE COURT MUST DECIDE GATEWAY QUESTIONS OF ARBITRABILITY.

Robinhood argues that gateway questions of arbitrability, including whether any arbitration agreement was formed, must be resolved in arbitration. But Robinhood identifies no agreement to arbitrate arbitrability. And regardless, disputes about formation are for the Court, not the arbitrator.

"[W]hether parties have agreed to submit a particular dispute to arbitration" is "an issue for judicial determination." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010) (quotations omitted). Parties may, however, delegate arbitrability questions to an arbitrator, but only if there is "clear and unmistakable evidence" they did so. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944-45 (1995); *Coinbase, Inc. v. Suski*, 602 U.S. 143, 149 (2024). When delegation is asserted, the presumption favoring arbitration "reverses"; ambiguity is resolved against arbitration. *First Options*, 514 U.S. at 945.

Robinhood's delegation argument skips a critical step: neither *Prima Paint* nor *Buckeye* involved a dispute over whether the parties agreed to arbitrate arbitrability, and both assumed the existence of an arbitration agreement. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 406 (1967) (noting agreement's arbitration terms were "easily broad enough to encompass" an argument on procurement of the contract by fraud); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 442-43 (2006) (uncontested delegation requiring arbitration of any "dispute [about] the validity, enforceability, or scope of this Arbitration Provision or the entire Agreement."). Here, by contrast, Robinhood identifies no contractual language that arguably delegates gateway questions to an arbitrator. The Supreme Court recently confirmed that a party need not challenge "only the arbitration or delegation provision." Rather, when a challenge applies equally to the entire contract and the arbitration provision, "a court must address that challenge." *Coinbase*, 602 U.S. at 150-51. Plaintiff's mutuality arguments apply equally to the arbitration terms; the Court must resolve them.

Even had Robinhood identified a delegation clause, the Court would still have to resolve Plaintiff's formation challenge. As *Granite Rock* explains, a court may "order arbitration…only where

1

[it] is satisfied that…the formation of the parties' arbitration agreement" is not "in issue." 561 U.S. at 299. "[A]n argument that the contract does not exist can't logically be resolved by the arbitrator" because "arbitration depends on a valid contract." *Sphere Drake Ins. Ltd. v. All Am. Ins. Co.*, 256 F.3d 587, 591 (7th Cir. 2001); *Nat'l Fed'n of the Blind v. Container Store, Inc.*, 2016 U.S. Dist. LEXIS 98067, at *20 (D. Mass. Mar. 11, 2016), *aff'd* 904 F.3d 70 (1st Cir. 2018) ("questions regarding the formation or existence of a contract that contains an agreement to arbitrate [presents] a gateway question for the court, not the arbitrator…. Holding otherwise would be putting the cart before the horse.").[1]

Robinhood conflates validity and formation. Plaintiff's argument is not that an otherwise formed contract is unconscionable or unenforceable. It is that Robinhood's unilateral-modification terms are so sweeping (including by providing no notice and permitting retroactive effect) that no binding contract was formed in the first place. Massachusetts law recognizes that an unfettered unilateral right to modify can mean that no contract "existed." *Jackson v. Action for Boston Community Development, Inc.*, 403 Mass. 8, 14-15 (1988). That is a formation challenge.[2]

Robinhood's First Circuit authorities address validity, not formation, challenges. In *Emmanuel v. Handy Techs. Inc.*, 992 F.3d 1, 10-11 (1st Cir. 2021), the plaintiff argued that modification provisions rendered an agreement unconscionable. In *Toth v. Everly Well, Inc.*, 118 F.4th 403, 414-15 & n.9 (1st Cir. 2024), the plaintiff similarly challenged the contract's "validity." Neither plaintiff argued that modification provisions prevented contract formation. Indeed, *Toth* held that "a party may still challenge the contract's formation" because "[i]f an agreement between [the parties] was [not] concluded, neither was an arbitration agreement within the contract." 118 F.4th at 409 (quotations

---

[1] *SBRMCOA, LLC v. Bayside Resort, Inc.*, 707 F.3d 267, 274 (3rd Cir. 2013) ("challenges to a contract's validity…are arbitrable, [but] challenges to a contract's formation…are not."); *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962–64 (9th Cir. 2007) (challenge to formation must be determined by the court).

[2] *See also Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 855 (11th Cir. 1992) (doctrine permitting arbitrator to resolve questions of arbitrability "has never been extended to require arbitrators to adjudicate a party's contention, supported by substantial evidence, that a contract *never existed at all*") (emphasis in original).

omitted). No such challenge was made there based on the modification terms.[3] Here, given the severity of the modification terms, Plaintiff challenges formation. The Court must resolve that argument.

## II.   ROBINHOOD STILL FAILS TO DEMONSTRATE NOTICE AND ASSENT.

As explained in Plaintiff's Opposition, Robinhood tried and failed to satisfy its burden of showing that Plaintiff received reasonable notice and reasonably manifested assent to arbitration through three paragraphs of an employee declaration describing one portion of the Robinhood registration process and a ***partial*** screenshot purportedly depicting ***some*** of the purported arbitration terms. *See* Doc. No. 19 at 5 (citing Doc. No. 20 at ¶¶ 5 & 7). Robinhood omitted screens Plaintiff navigated, through which Robinhood presented other agreements, including a separate arbitration provision, and failed to present the full terms that Robinhood claims it presented on this screen. *See* Doc. No. 46 at 5-7; Doc. No. 47-3. In reply, Robinhood does not dispute these evidentiary omissions but rather dismisses them as "irrelevant." Doc. No. 48 at 4-7.

Robinhood is wrong. Such evidence is necessary for the Court to conduct the required "fact-intensive" examination of the "totality of the circumstances" surrounding contract formation, particularly where, as here, the purported contract was formed online. Massachusetts law requires courts to "examine the interface carefully to determine whether it 'reasonably focused' the otherwise unsuspecting user 'on the terms and conditions' being imposed[,]" as the "specifics and subtleties of the 'design and content of the relevant interface' are especially relevant[.]" *Good v. Uber Techs., Inc.*, 494 Mass. 116, 130 (2024) (quoting *Kauders v. Uber Techs., Inc.*, 486 Mass. 557, 573-76 (2020)).

Robinhood relies heavily on *Emmanuel*, but there, in the district court, Judge Gorton only ordered arbitration *after*: (i) previously declining to do so, (ii) permitting discovery, and (iii) holding a

---

[3] Robinhood's own authority, *Buckeye*, confirms that "[t]he issue of the contract's validity is different from the issue of whether any agreement between…was ever concluded," and that the Court's decision "addresse[d] only the former, and does not speak to the issue in [other cases], which hold that it is for the courts to decide" various contract formation challenges. 546 U.S. at 444 n.1.

bench trial at which the defendant presented substantially more evidence than Robinhood does here. 992 F.3d at 6.[4] Likewise, in *Toth*, the record evidenced (1) product packaging linking to defendant's website, (2) the account creation page on its website, with a hyperlink to arbitration terms, and (3) the full "Terms and Conditions" to which the hyperlink connected. 118 F.4th at 407-08.

Because the current record does not reflect the "totality of the circumstances" that attended Plaintiff's purported assent, this Court cannot perform the analysis required under *Kauders* and *Good*. That is particularly so where Plaintiff encountered multiple different registration screens and multiple overlapping agreements, including multiple arbitration agreements. *See* Doc. No. 46 at 6. At a minimum, discovery is appropriate to evaluate whether the entire user-flow reasonably directed Plaintiff's attention to the terms Robinhood seeks to enforce, apart from competing arbitration terms.[5]

## III.    THE PURPORTED AGREEMENT FAILS FOR LACK OF MUTUALITY.

Robinhood offers several responses to Plaintiff's mutuality argument, but none overcomes the Agreement's unambiguous terms, which afford Robinhood a unilateral right to modify arbitration provisions without notice and with retroactive effect. Those terms defeat mutuality regardless of Robinhood's post hoc efforts to avoid those terms.

*First,* Robinhood summarily describes the Arbitration Agreement as a "standalone" agreement. Doc. No. 48 at 6, 7. But it does not reconcile that assertion with the documents it drafted. As explained in Plaintiff's opposition, the arbitration provisions are part of a single integrated "Agreement" whose modification terms permit Robinhood unilaterally to revise those provisions.

---

[4] *See also Emmanuel v. Handy Techs., Inc.*, 1:15-cv-12914 (D. Mass. 2020) at Doc. Nos. 40, 107.

[5] Given the transient nature of the Internet, discovery is needed to authenticate whether the screenshot Robinhood submits and the belated (and waived) customer information attached to the supplemental declaration *actually* represents screens that Plaintiff encountered. *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168-69 (S.D. Cal. 2010) (refusing to consider webpage recreations submitted through employee declaration; permitting plaintiffs discovery of defendant's employees concerning process they used to capture screenshot and to confirm same presentation to plaintiff); *Monper v. Boeing Co.*, No. C13-1569 RSM, 2016 U.S. Dist. LEXIS 56934, at *12 & n.2 (W.D. Wash. Apr. 28, 2016) (similar, and rejecting belated attempt to cure authentication issues through supplemental declaration on reply).

**Second,** even assuming CFTC regulations apply, they do not cure the lack of mutuality. The regulations require disclosures and customer endorsement when arbitration is offered but do not mandate Robinhood arbitrate claims or prevent it from revising agreements to withdraw arbitration. 17 C.F.R. § 166.5; 7 U.S.C. § 7(d)(14). Robinhood identifies no regulation overriding the Agreement's express modification terms. Moreover, Robinhood has not established that those regulations apply to its online gambling platform, instead inviting the Court to wrongly assume they do.

**Third**, the implied covenant of good faith and fair dealing cannot supply mutuality contrary to the agreement's unambiguous terms. The covenant cannot "create rights and duties not otherwise provided for in the existing contractual relationship." *Uno Rests., Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385 (2004). That is precisely what Robinhood proposes: to imply restrictions to modification terms that contradict those express terms. Indeed, if Robinhood's argument were accepted, no contract could ever fail for lack of mutuality, given "[t]he covenant…is implied in every contract," *id.*, yet Massachusetts courts repeatedly confirmed that a right to modify may prevent contract formation. *Jackson*, 403 Mass. at 8, 14-15; Doc. No. 46 § II-B-2 (collecting authorities).[6]

Course-of-dealing evidence likewise may not "contradict, vary, or broaden an integrated writing." *Kobayashi v. Orion Ventures*, 42 Mass. App. Ct. 492, 496 (App. Ct. 1997). Robinhood tries to use course of dealing for exactly that purpose—to contradict the unambiguous modification terms it drafted. *Jackson* rejected essentially the same argument, holding that a contractual right to modify rendered an agreement non-mutual notwithstanding prior performance. 403 Mass. at 14-15.[7]

---

[6] The SJC in *A.L. Prime Energy Consultant, Inc. v. Mass. Bay Transp. Auth.*, did not overrule *Jackson* or hold that a right to modify is always limited by general contract principles. The termination provision there, unlike here, "placed certain restrictions on the MBTA's termination right," including 30 days' notice and substantial termination payments; the Court indeed reaffirmed that "unambiguous agreement[s] must be enforced according to [their] terms." 479 Mass. 419, 421-22, 424, 428 (2018).

[7] Robinhood's Massachusetts course-of-dealing authority is not on point. *Simons v. Am. Dry Ginger Ale Co.* involved an agreement that, unlike here, lacked any express terms governing modification or termination and was instead silent on the issue. 335 Mass. 521, 524-25 (1957).

5

## IV.    THE CEA'S SCOPE IS NOT "OFF LIMITS."

Robinhood takes inconsistent positions. For purposes of mutuality, it asks the Court to assume CFTC regulations apply to negate the plain terms of its own purported agreement. But when Plaintiff argues the same regulatory framework bears on arbitrability due to illegality, Robinhood says the issue is "off-limits" because it concerns the merits. Those questions are not "off-limits." "[W]here the merits and arbitrability questions are inextricably intertwined, a court's arbitrability decision may, of necessity, touch incidentally on the merits." *IBEW v. Energy Harbor Nuclear Corp.*, 171 F.4th 222, 226-27 (3d Cir. 2026) (quotations omitted); *Independent Lift Truck Builders Union v. Hyster Co.*, 2 F.3d 233, 236 (7th Cir. 1993) ("[T]he rule that courts must decide arbitrators' jurisdiction takes precedence…. *If the court must, to decide the arbitrability issue, rule on the merits, so be it.*") (emphasis added); *IBEW v. GKN Aero. N. An., Inc.*, 431 F.3d 624, 627-28 (8th Cir. 2005) (same); *Int'l FCStone Fin., Inc. v. Jacobson*, 2019 U.S. Dist. LEXIS 92779, at *19-23 (N.D. Ill. June 4, 2019) (resolving through arbitration motion whether claim falls within the scope of the CEA and NFA rules), *aff'd*, 950 F.3d 491 (7th Cir. 2020).

The Court therefore cannot avoid the CEA/CFTC issues simply because those same issues may later arise on the merits. Robinhood itself has made those issues part of the arbitrability analysis.

## V.    THE KALSHI RULEBOOK DOES NOT PROVIDE A VIABLE FORUM.

Faced with the limited permissible scope of NFA arbitration, Robinhood belatedly argues in its reply that the parties may arbitrate under the Kalshi Rulebook. This argument is waived, but even if it was not, the Kalshi Rulebook (Rule 10.5) contemplates that *Kalshi* itself convenes and runs the arbitration panel (including hand-selecting arbitrators), notwithstanding that Kalshi and Robinhood were co-venturers in the illegal enterprise Plaintiff alleges. Kalshi arbitration does not present a viable alternative to NFA arbitration (which, as explained in Plaintiff's opposition, is not possible either).[8]

---

[8] *Commw. Coatings Corp. v. Cont'l Casualty Co.*, 393 U.S. 145, 148-50 (1967); *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938-39 (4th Cir. 1999) (affirming refusal to order arbitration under agreement that gave one party (Hooters) "control over the entire [arbitration] panel," leaving it free "to devise lists of partial arbitrators" that favor its positions.

By their attorneys,

Dated: July 10, 2026

*/s/Patrick J. Vallely*
Edward F. Haber (BBO #215620)
Ian J. McLoughlin (BBO #647203)
Patrick J. Vallely (BBO #663866)
SHAPIRO HABER & URMY LLP
One Boston Place, 26th Floor
Boston, MA 02108
Telephone: (617) 439-3939
Fax: (617) 439-0134
ehaber@shulaw.com
imcloughlin@shulaw.com

PUBLIC HEALTH ADVOCACY INSTITUTE
Andrew Rainer (BBO #542067)
Jacob B. Wolk (BBO #699263)
Mark Gottlieb (BBO #627008)
360 Huntington Avenue, CU117
Boston, MA 02115
(617) 373-2026
arainer@phaionline.org
jacobwolk@phaionline.org
mark@phaionline.org

7

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

*/s/Patrick J. Vallely*
Patrick J. Vallely

8