**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NICKOLAS SMITH, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | Case No. 1:26-cv-12413-FDS |
| *v.* | |
| KALSHI INC., KALSHIEX LLC, KALSHI KLEAR INC., KALSHI KLEAR LLC, KALSHI TRADING LLC, SUSQUEHANNA INTERNATIONAL GROUP, LLP, SUSQUEHANNA GOVERNMENT PRODUCTS LLLP, and ROBINHOOD DERIVATIVES LLC, | |
| *Defendants.* | |

**KALSHI AND SUSQUEHANNA DEFENDANTS' REPLY IN SUPPORT**
**OF MOTION TO SEVER AND TRANSFER**
**TO THE SOUTHERN DISTRICT OF NEW YORK**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

I.  THE CLAIMS AGAINST ROBINHOOD SHOULD BE SEVERED AND THE
    REMAINING CLAIMS TRANSFERRED ..................................................................... 2

II.  THE REMAINING CLAIMS SHOULD BE TRANSFERRED TO THE
     SDNY ............................................................................................................................. 6

     A.  The Interest of Justice Strongly Favors Transfer ..................................................... 6
     B.  Plaintiff's Choice of Forum Is Entitled to Diminished Deference ......................... 7
     C.  The Convenience Factors Favor Transfer ............................................................... 8

III.  FIRST-TO-FILE RULE PROVIDES AN ADDITIONAL BASIS FOR
      TRANSFER ...................................................................................................................11

CONCLUSION ......................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s)**

*Atlantic Marine Construction Co. v. United States District Court*,
    571 U.S. 49 (2013)................................................................................................4, 10

*Big Bob's Flooring Outlet of Am., Inc. v. Elyachar*,
    566 F. Supp. 3d 89 (D. Mass. 2021) ................................................................................5

*Binh Thanh Imp. Exp. Prod. & Trade Joint Co. v. Amazon.com Servs. LLC*,
    2025 WL 691698 (S.D.N.Y. Mar. 4, 2025) ....................................................................10

*Colorado River Water Conservation District v. United States*,
    424 U.S. 800 (1976)..........................................................................................................5

*Consumer Fin. Prot. Bureau v. Nationwide Biweekly Admin., Inc.*,
    2015 WL 4463790 (N.D. Cal. July 21, 2015)...................................................................9

*Cont'l Grain Co. v. Barge FBL-585*,
    364 U.S. 19 (1960)............................................................................................................8

*Corker v. ezCater, Inc.*,
    2025 WL 2076698 (D. Mass. July 23, 2025).................................................................2, 3

*United States ex rel. D.D.S. Indus., Inc. v. Nauset Constr. Corp.*,
    2018 WL 5303036 (D. Mass. Oct. 25, 2018)...................................................................4

*Def. Distributed v. Bruck*,
    30 F.4th 414 (5th Cir. 2022) ...........................................................................................4

*Delgado v. Plaza Las Americas, Inc.*,
    139 F.3d 1 (1st Cir. 1998)................................................................................................5

*Dress v. Cap. One Bank (USA), N.A.*,
    368 F. Supp. 3d 178 (D. Mass. 2019) ..............................................................................8

*Dunkin' Donuts Franchised Rests. LLC v. Wometco Donas Inc.*,
    53 F. Supp. 3d 221 (D. Mass. 2014) ..............................................................................11

*HC&D LLC v. Precision NDT & Consulting, LLC*,
    698 F. Supp. 3d 180 (D. Mass. 2023) ..............................................................................4

*High Country Inv., Inc. v. McAdams, Inc.*,
    221 F. Supp. 2d 99 (D. Mass. 2002) ................................................................................9

*Home Prods. Int'l-N. Am., Inc. v. PeopleSoft USA, Inc.*,
    201 F.R.D. 42 (D. Mass. 2001)......................................................................................10

*Jewell v. Music Lifeboat*,
    254 F. Supp. 3d 410 (E.D.N.Y. 2017) .................................................................................3

*Jimenez v. Kohl's Dep't Stores, Inc.*,
    480 F. Supp. 3d 305 (D. Mass. 2020) ...............................................................................11

*Johnson v. N.Y. Life Ins. Co.*,
    2013 WL 1003432 (D. Mass. Mar. 14, 2013)......................................................................9

*Josephson v. Kalshi, Inc.*,
    2026 WL 1078375 (N.D. Ill. Apr. 21, 2026) .................................................... *passim*

*KalshiEX, LLC v. Flaherty*,
    172 F.4th 220 (3d Cir. 2026) .........................................................................................7, 11

*KalshiEX, LLC v. Hendrick*,
    817 F. Supp. 3d 1014 (D. Nev. 2025)..................................................................................7

*KalshiEX LLC v. Orgel*,
    2026 WL 474869 (M.D. Tenn. Feb. 19, 2026) ...............................................................7, 11

*Kleinerman v. Luxtron Corp.*,
    107 F. Supp. 2d 122 (D. Mass. 2000) ..................................................................................8

*Koster v. (Am.) Lumbermens Mut. Cas. Co.*,
    330 U.S. 518 (1947)..............................................................................................................7

*Kress Stores of P.R., Inc. v. Wal-Mart P.R., Inc*,
    121 F.4th 228 (1st Cir. 2024)............................................................................................2, 3

*Liaw Su Teng v. Skaarup Shipping Corp.*,
    743 F.2d 1140 (5th Cir. 1984) ...........................................................................................3, 5

*Nat'l Union Fire Ins. Co. of Pittsburgh v. Mass. Mun. Wholesale Elec. Co.*,
    117 F.R.D. 321 (D. Mass. 1987)..........................................................................................5

*OsComp Sys., Inc. v. Bakken Express, LLC*,
    930 F. Supp. 2d 261 (D. Mass. 2013) ..................................................................................9

*Prescott v. Bayer Healthcare, LLC*,
    2020 WL 3505717 (N.D. Cal. June 29, 2020).....................................................................9

*Princess House, Inc. v. Lindsey*,
    136 F.R.D. 16 (D. Mass. 1991)..............................................................................................8

*Proulx v. Mintzer*,
    2020 WL 3105034 (D. Mass. June 11, 2020).......................................................................3

*Reynolds v. Kalshi, Inc.*,
  2026 WL 1724396 (D. Or. June 15, 2026) ........................................................2, 6, 8, 11

*In re Rolls Royce Corp.*,
  775 F.3d 671 (5th Cir. 2014) ........................................................................................6

*Romero v. Clean Harbors Surface Rentals USA, Inc.*,
  368 F. Supp. 3d 152 (D. Mass. 2019) ..........................................................................4

*SharkNinja Operating LLC v. Dyson, Inc.*,
  2023 WL 6796456 (D. Mass. Oct. 13, 2023)............................................................2, 3

*Simes v. Drug Stores II LLC*,
  2015 WL 3767113 (D. Mass. June 17, 2015) ...............................................................8

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*,
  5 F.3d 28 (3d Cir. 1993)............................................................................................3, 5

*Thakkar v. United States*,
  389 F. Supp. 3d 160 (D. Mass. 2019) ........................................................................12

*Transcanada Power Marketing, Ltd. v. Narragansett Electric Co.*,
  402 F. Supp. 2d 343 (D. Mass. 2005) ........................................................................10

*Valentine v. Sonthineni*,
  2002 WL 31641376 (M.D. Pa. Oct. 15, 2002) .............................................................3

*Vass v. Blue Diamond Growers*,
  2015 WL 2226260 (D. Mass. May 12, 2015)...............................................................7

*Waithaka v. Amazon.com, Inc.*,
  404 F. Supp. 3d 335 (D. Mass. 2019) ........................................................................11

*World Energy Alternatives, LLC v. Settlemyre Industries, Inc.*,
  671 F. Supp. 2d 215 (D. Mass. 2009) ........................................................................11

*Wyndham Assocs. v. Bintliff*,
  398 F.2d 614 (2d Cir. 1968)..........................................................................................5

**Statutes**

28 U.S.C. § 1391..............................................................................................................6

Moving Defendants[1], by and through their undersigned counsel, respectfully submit this Reply in Support of their Motion to Sever and Transfer Venue:

**PRELIMINARY STATEMENT**

Plaintiff's Opposition, Dkt. 57 ("Opp."), confirms the core reason transfer is warranted. *In re Kalshi Sports Prediction Market Litigation*, No. 1:25-cv-08585 (S.D.N.Y.), was filed first and involves the same KalshiEX sports-based event contracts, the same threshold federal preemption issue, the same or substantially similar defendants, overlapping loss-recovery and consumer-protection claims (including Massachusetts-law claims), and seeks relief for the same KalshiEX users, including a Massachusetts subclass. Those are precisely the circumstances in which courts transfer putative class actions to the forum already managing related litigation. Robinhood is the only asserted obstacle to transfer, and it presents a severance question—not a reason to retain the Moving Defendants' claims here. Robinhood allegedly played a separate downstream role as a futures commission merchant ("FCM") facilitating access through its own interface and accounts, and Plaintiff pleads a separate subclass against them. (Am. Compl. ¶¶ 19, 86-87, Dkt. 41.) Robinhood has separately moved to compel arbitration under its own agreement and consented to severance. That procedural posture reinforces, rather than defeats, severance: Robinhood-specific issues can proceed on their own track, while the claims against Moving Defendants proceed with the related SDNY actions.

Once Robinhood is severed, the § 1404(a) factors favor transfer. *Josephson* and *Reynolds* reached this same result on materially similar claims against the Moving Defendants, despite state-specific classes and different statutory labels. *See generally Josephson v. Kalshi, Inc.*, 2026 WL

---

[1]    Capitalized terms not defined herein have the same meaning as in Moving Defendants' Motion to Transfer, Dkt. 53.

1078375 (N.D. Ill. Apr. 21, 2026); *Reynolds v. Kalshi, Inc.*, 2026 WL 1724396 (D. Or. June 15, 2026). Plaintiff's Massachusetts law framing therefore does not distinguish this case; it confirms that this is another state-specific class action challenging the same Kalshi platform and contracts.

The first-to-file rule also supports transfer. Once severed, the claims against the Moving Defendants are substantially similar to those pending before Judge Rochon, notwithstanding Robinhood's absence from *In re Kalshi*. Even if the Court declines to sever and transfer, it should stay this action pending resolution of *In re Kalshi* in the SDNY.

## ARGUMENT

### I. THE CLAIMS AGAINST ROBINHOOD SHOULD BE SEVERED AND THE REMAINING CLAIMS TRANSFERRED

Plaintiff's severance argument fails for three reasons. *First*, *Kress*, *Corker*, and *SharkNinja* treat severance as a discretionary, factor-based case-management decision. *Kress Stores of P.R., Inc. v. Wal-Mart P.R., Inc*, 121 F.4th 228, 244 (1st Cir. 2024); *Corker v. ezCater, Inc.*, 2025 WL 2076698, at *1 (D. Mass. July 23, 2025); *SharkNinja Operating LLC v. Dyson, Inc.*, 2023 WL 6796456, at *1 (D. Mass. Oct. 13, 2023). They do not impose a categorical "inextricably intertwined" test whenever claims share a legal issue. *Second*, Rule 19 does not bar severance because complete relief can be accorded against each defendant in the other's absence. *Third*, practical considerations favor severance because Robinhood has a separate agreement and motion to compel arbitration, has consented to severance, and the claims against the Moving Defendants can join the related class litigation already pending in the SDNY.

Plaintiff's argument (Opp. at 2-3) conflates the existence of a shared legal issue with claims that must be tried together. The decisions Plaintiff cites instead require a case-specific assessment of the relationship among the claims, witnesses, and proof. *Kress* held that claims against competing retailers arose from the same occurrence because the alleged conduct occurred in the

2

same place and time period, in response to the same executive orders. 121 F.4th at 246. *Corker* denied severance where employees worked in the same department, shared managers and leadership, and alleged a common employment pattern. 2025 WL 2076698, at *7-8. *SharkNinja*, by contrast, severed claims involving different technologies where most witnesses and proof differed. 2023 WL 6796456, at *1.

Plaintiff's remaining severance authorities involve materially different liability structures. *Sunbelt* concerned one cargo loss caused by sequential engineering and rigging work; each defendant could defend by assigning responsibility to the absent party. *See Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28 (3d Cir. 1993). *Liaw Su Teng* involved a high-seas collision, joint and several claims against both vessel owners, and one forum needed to determine responsibility for that event. *See Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140 (5th Cir. 1984). *Jewell* involved a single application, a single body of allegedly copied content, intertwined parties, and a forum proper for all defendants. *See Jewell v. Music Lifeboat*, 254 F. Supp. 3d 410 (E.D.N.Y. 2017). *Proulx* involved a drug and a physical injury allegedly caused by the manufacturer, doctor, and pharmacist. *See Proulx v. Mintzer*, 2020 WL 3105034 (D. Mass. June 11, 2020). *Valentine* likewise arose from a patient's medical treatment and attendant cross-claims. *See Valentine v. Sonthineni*, 2002 WL 31641376 (M.D. Pa. Oct. 15, 2002). Each case thus required one tribunal to allocate responsibility for a single event or injury.

The claims here have a different structure. Moving Defendants' liability turns on creating, listing, operating, and providing liquidity to the sports event contracts at issue. Robinhood's liability turns on its distinct role as an FCM that facilitated access through its own platform and accounts. The shared CEA-preemption issue may generate overlapping briefing, but it neither eliminates defendant-specific proof nor requires every claim to remain joined. Plaintiff's separate

3

Robinhood subclass (Am. Compl. ¶ 140) confirms that Robinhood-specific evidence concerning its accounts, interface, and commercial agreement will be required.[2] *Defense Distributed* does not compel a different result:  it involved years of litigation over the same CAD files and settlement, cross-dependent causation, and the same principal witnesses; it was also a fact-specific mandamus decision.  *See generally Def. Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022).  Severance therefore permits the claims against Moving Defendants to proceed with the related SDNY litigation while the distinct Robinhood claims follow their own procedural course.  Robinhood has also invoked its own arbitration agreement and consented to severance, confirming that the claims against Robinhood and the Moving Defendants can proceed on distinct procedural tracks.

Rule 19 does not bar severance.  Plaintiff's Rule 19 cases address whether an absent party must be joined; they do not make Rule 19 the governing test for Rule 21.  Even under Rule 19's complete-relief inquiry, severance is permissible.  In *HC&D LLC v. Precision NDT & Consulting, LLC*, this Court held that claims separately alleged against two defendants could be severed and transferred, that complete relief could be accorded against one without the other, and that factual overlap did not make the absent defendant indispensable.  698 F. Supp. 3d 180, 202-03 (D. Mass. 2023).  *Romero* likewise held that an FLSA claim against one alleged employer could be resolved without deciding whether another entity was also an employer.  *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 368 F. Supp. 3d 152, 159-60 (D. Mass. 2019).  *D.D.S. Industries* does not establish a contrary rule; it dispensed with a separate severance analysis because a valid forum-selection clause triggered *Atlantic Marine Construction Co. v. United States District Court*, 571 U.S. 49 (2013).  *United States ex rel. D.D.S. Indus., Inc. v. Nauset Constr. Corp.*, 2018 WL

---

[2]    Tellingly, Plaintiff does not plead an independent "Susquehanna" subclass, even though the Susquehanna Defendants are also separate entities from the Kalshi Defendants.  *See* Am. Compl. ¶ 140.

5303036, at *4 (D. Mass. Oct. 25, 2018).  The same principle applies here:  each court can afford complete relief on the claims before it.

Delgado v. Plaza Las Americas, Inc., 139 F.3d 1 (1st Cir. 1998), controls Plaintiff's inconsistent-obligations argument.  Opp. at 7-8.  "Inconsistent obligations" arise when the same party cannot comply with one court's order without violating another court's order.  Delgado, 139 F.3d at 3.  Inconsistent judgments or results are different.  Delgado held they do not render an absent party necessary.  Id.  National Union drew the same distinction in an insurance declaratory action:  a declaration that a policy was void and a separate judgment allowing recovery would create divergent results, not incompatible obligations.  Nat'l Union Fire Ins. Co. of Pittsburgh v. Mass. Mun. Wholesale Elec. Co., 117 F.R.D. 321, 322 (D. Mass. 1987).  Big Bob's Flooring involved a materially different problem—competing proceedings presenting conflicting rulings concerning the same arbitration agreements, and an absent party with a direct pecuniary interest.  See generally Big Bob's Flooring Outlet of Am., Inc. v. Elyachar, 566 F. Supp. 3d 89 (D. Mass. 2021).  The court found that party necessary but not indispensable and dismissed under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).  Big Bob's Flooring, 566 F. Supp. 3d at 102-03.  Plaintiff's hypothetical does not impose mutually incompatible commands on Robinhood or the Moving Defendants.  Any concern about divergent rulings instead bears on the efficient administration of overlapping litigation under § 1404(a), not necessity under Rule 19.

Lastly, severance and transfer promote efficient case administration.  Sunbelt, Liaw Su Teng, and Wyndham require the Court to weigh the inconvenience of splitting the suit against the advantages of partial transfer.  Sunbelt, 5 F.3d at 33-34; Liaw Su Teng, 743 F.2d at 1148-49; Wyndham Assocs. v. Bintliff, 398 F.2d 614, 618-19 (2d Cir. 1968).  They do not create a categorical bar to severance.  Rolls Royce—which involved a forum-selection clause—likewise described in

5

an efficiency-focused inquiry when severance facilitates transfer under § 1404, drawing on *Liaw Su Teng*. *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014). That balance favors severance here. The Moving Defendants' claims can join the existing SDNY litigation, avoiding parallel management of overlapping discovery, threshold motions, and appeals, while the Robinhood-specific claims continue in this forum or in arbitration.

## II.   THE REMAINING CLAIMS SHOULD BE TRANSFERRED TO THE SDNY

### A.   The Interest of Justice Strongly Favors Transfer

Conserving scarce judicial resources through efficient administration of the court system is particularly important here.[3] This action and *In re Kalshi* arise from the same factual and regulatory core, and two of Plaintiff's three claims are already pleaded there. Ex. E ¶¶ 179-180, 220-227, 279-283, 341(c). The remaining Chapter 93A claim is predicated on the same alleged conduct as the consumer-protection claims already at issue under New York and California law. *Id.* ¶¶ 233-238. Different statutory labels do not defeat transfer where claims are "based on the same underlying facts." *Josephson*, 2026 WL 1078375, at *5 (citation omitted). If both actions proceed, two courts will oversee substantially the same factual development, threshold motions, and merits questions.

Every federal court asked to transfer a materially similar class action against the Kalshi or Susquehanna Defendants to the SDNY has done so. *See id.* at *6; *Reynolds*, 2026 WL 1724396, at *5.[4] Plaintiff's attempt to distinguish those cases because they did not involve Robinhood (Opp. at 16-17), addresses severance, not transfer. Once severed, this case is materially aligned with those cases: it is a class action against the Kalshi Defendants asserting comparable state-law

---

[3]   Plaintiff does not dispute that, once Robinhood is severed, the claims against Moving Defendants "might have been brought" in the SDNY. 28 U.S.C. § 1391(b).

[4]   *Jennings v. Kalshi Inc.*, No. 1:26-cv-01924 (M.D. Ala.), and *Roberts v. Kalshi Inc.*, No. 3:26-cv-00336 (W.D. Ky.), were each transferred on a joint motion. *See* Ex. D; *see also* Ex. H.

claims arising from the same platform and contracts.  Indeed, transfer is especially appropriate because *In re Kalshi* already encompasses overlapping claims and putative class members.  *See* Ex. E ¶¶ 179-180, 220-227, 279-283, 341(c).

Plaintiff's "rings hollow" argument conflates unrelated declaratory actions with the parallel class actions at issue here.  The suits Plaintiff cites—*KalshiEX LLC v. Orgel*, 2026 WL 474869 (M.D. Tenn. Feb. 19, 2026); *KalshiEX, LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026); and *KalshiEX, LLC v. Hendrick*, 817 F. Supp. 3d 1014 (D. Nev. 2025)—are declaratory and injunctive actions brought *by* KalshiEX against state officials.  They involve no overlapping putative classes or damages claims.  The SDNY actions, by contrast, involve substantially similar defendants, the same contracts, overlapping classes, and common legal and factual questions.  KalshiEX's posture in those regulatory challenges does not undermine its interest in avoiding parallel class proceedings addressing the same alleged conduct.

The Kalshi Defendants' motion to compel arbitration in *In re Kalshi* also does not undermine transfer.  Whether the related claims are arbitrated or litigated, the SDNY should determine the appropriate procedural path for the related claims already before it.  Coordination under 28 U.S.C. § 1407 does not eliminate separate trial proceedings, dispositive motions, or appeals.  Plaintiff's observation (Opp. at 17) that the SDNY "has yet to decide any substantive issues" favors transfer, not delay: the litigation's early stage permits one court to manage threshold briefing and discovery from the outset.  *See Josephson*, 2026 WL 1078375, at *5-6.  Judge Rochon has adjusted the SDNY schedule in anticipation of possible transfer.  *See* Ex. F.

### B.    Plaintiff's Choice of Forum Is Entitled to Diminished Deference

Plaintiff's forum choice is entitled to diminished weight.  *See Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened").  Plaintiff's reliance on *Vass v.*

7

*Blue Diamond Growers*, 2015 WL 2226260 (D. Mass. May 12, 2015), *Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122 (D. Mass. 2000), and *Simes v. Drug Stores II LLC*, 2015 WL 3767113 (D. Mass. June 17, 2015), is misplaced because none involved related class litigation already proceeding in the transferee forum. *Josephson* and *Reynolds*, by contrast, transferred Illinois- and Oregon-only class actions despite the plaintiffs' home-state connections. *Josephson*, 2026 WL 1078375, at *2-3; *Reynolds*, 2026 WL 1724396, at *2-3. Plaintiff's connection to Massachusetts rests on his residence and access to a nationwide internet platform there. Those forum contacts do not outweigh the SDNY's stronger relationship to the related litigation. *See also Dress v. Cap. One Bank (USA), N.A.*, 368 F. Supp. 3d 178, 181-82 (D. Mass. 2019) (transferring putative class action, including a Massachusetts resident subclass, where the only nexus to Massachusetts was the named plaintiff's residence and her use of the credit card product there).

### C.     The Convenience Factors Favor Transfer

Plaintiff argues that transfer would merely shift inconvenience from Defendants to Plaintiff. Opp. at 11. It would not. The Moving Defendants are already litigating substantially similar claims and issues in the SDNY; forcing them to litigate them simultaneously in Massachusetts would multiply proceedings rather than merely relocate inconvenience. Transfer would reduce redundant litigation and permit coordinated case management. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).

The convenience of witnesses also favors New York. *See Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991) (describing witness convenience as "probably the most important factor" in the § 1404(a) analysis (citation modified)). Defendants identified key witnesses by name, role, and subject matter, including Xavier Sottile (Head of Markets) and Nicole Kagan (event contract drafter), who are based in or near New York and have direct knowledge of the challenged conduct. Heaslip Decl. ¶¶ 14-15, Dkt. 53-1; Sopinsky Decl. ¶¶ 4-5, Dkt. 53-2.

Plaintiff identifies no Massachusetts non-party witness. *See Johnson v. N.Y. Life Ins. Co.*, 2013 WL 1003432, at *2 (D. Mass. Mar. 14, 2013) (noting that "[t]he only identified Massachusetts witnesses are named plaintiffs" in finding that the transferee forum was more convenient). Because these witnesses are also likely to provide evidence in *In re Kalshi*, transfer would reduce repeated discovery and testimony. *See Josephson*, 2026 WL 1078375, at *2–3. Remote depositions and electronic tools may ease travel burdens, but they do not eliminate repeated discovery or the preference for live testimony. *OsComp Sys., Inc. v. Bakken Express, LLC*, 930 F. Supp. 2d 261, 276 (D. Mass. 2013) ("[T]he court remains mindful that there is a preference for live testimony over testimony by deposition.") (citation modified).

The locus of operative facts—New York, not Massachusetts—also favors transfer. The challenged conduct—KalshiEX's creation, self-certification, listing, and operation of sports-event contracts on a CFTC-regulated DCM—occurred at Kalshi's New York headquarters, where the exchange rules were formulated and the responsible personnel are based (Heaslip Decl. ¶¶ 13-15, 17). Plaintiff's reliance on *Prescott v. Bayer Healthcare, LLC*, 2020 WL 3505717 (N.D. Cal. June 29, 2020), and *Consumer Fin. Prot. Bureau v. Nationwide Biweekly Admin., Inc.*, 2015 WL 4463790 (N.D. Cal. July 21, 2015), is misplaced. *Prescott* involved marketing directed at a specific state, while *Consumer Fin. Prot. Bureau*, 2015 WL 4463790, at *4, relied on a greater concentration of consumers in California; Plaintiff alleged no comparable concentration of conduct in, or marketing directed specifically to, Massachusetts. *See High Country Inv., Inc. v. McAdams, Inc.*, 221 F. Supp. 2d 99, 102 (D. Mass. 2002) ("[a]dvertisements which happen to circulate in Massachusetts" do not amount to transacting business in the Commonwealth); *see also Josephson*, 2026 WL 1078375, at *3 ("[T]he Kalshi platform is also used worldwide, making [the transferor district's] relationship to the suit less compelling.").

9

Familiarity with governing law does not weigh against transfer. Two of Plaintiff's three claims—the Massachusetts Statute of Anne and unjust-enrichment claims—are already asserted in *In re Kalshi*. Ex. E ¶¶ 220-227, 279-283. The remaining Chapter 93A claim is based on conduct comparable to that underlying the unfair and deceptive business practice claims already at issue under New York and California law. *Id.* ¶¶ 200-219, 233-238. The threshold issue—whether the CEA preempts state laws purporting to regulate transactions on a federally regulated DCM—is federal, and the SDNY is already positioned to address it. To the extent Massachusetts law governs particular claims, the SDNY is fully capable of applying it. *See Atl. Marine Constr. Co.*, 571 U.S. at 67; *Binh Thanh Imp. Exp. Prod. & Trade Joint Co. v. Amazon.com Servs. LLC*, 2025 WL 691698, at *3-9 (S.D.N.Y. Mar. 4, 2025) (applying Massachusetts law); *Home Prods. Int'l-N. Am., Inc. v. PeopleSoft USA, Inc.*, 201 F.R.D. 42, 49 (D. Mass. 2001) ("A judge of the [transferee venue] is as surely competent to understand the relevant statutes of Massachusetts as is a judge of the United States District Court for the District of Massachusetts to understand any relevant [transferee state] statutes."). Plaintiff's reliance (at 15-16) on *Transcanada Power Marketing, Ltd. v. Narragansett Electric Co.*, 402 F. Supp. 2d 343 (D. Mass. 2005), is misplaced because that case recognized only the customary advantage of having local law applied by a local court. Here, the SDNY is already handling overlapping claims and the same federal questions.

State and public interests do not counsel against transfer. Plaintiff invokes Massachusetts' interest in "protecting its citizens from the scourge of illegal sports wagering." Opp. at 16. Massachusetts undoubtedly has an interest in enforcing its laws and protecting its residents. But this is not an exclusively local controversy; it is part of nationwide litigation over the legality and regulation of sports-event contracts traded on a federally regulated exchange. The *Josephson* and *Reynolds* courts rejected comparable local interest arguments because *In re Kalshi* arose from

10

largely the same facts and classes. *Josephson*, 2026 WL 1078375, at *3-5; *Reynolds*, 2026 WL 1724396, at *3. The federal preemption issue and practical benefits of coordinated proceedings outweigh any marginal advantage of adjudicating the Massachusetts claims in this District. *See Flaherty*, 172 F.4th at 228-29; *Orgel*, 2026 WL 474869, at *7-10.

## III.    FIRST-TO-FILE RULE PROVIDES AN ADDITIONAL BASIS FOR TRANSFER

Plaintiff misstates the first-to-file standard by insisting that the first- and second-filed actions must be "identical." Opp. at 19. Plaintiff relies on *World Energy Alternatives, LLC v. Settlemyre Industries, Inc.* for the proposition that the first-to-file rule is "not applicable in the instant situation" where the actions are not "identical." 671 F. Supp. 2d 215, 218 (D. Mass. 2009). That reliance is misplaced. This District has repeatedly held that the first-to-file rule requires only *substantial similarity* between parties and issues. *See Dunkin' Donuts Franchised Rests. LLC v. Wometco Donas Inc.*, 53 F. Supp. 3d 221, 233 (D. Mass. 2014) ("cases need not be literally identical; it suffices if they are substantially similar"); *Jimenez v. Kohl's Dep't Stores, Inc.*, 480 F. Supp. 3d 305, 307 (D. Mass. 2020) (applying rule where parties and claims were "substantially similar," not identical). Requiring complete identity would invite parties to evade the rule through similar but nonidentical actions, producing the very parallel litigation the rule is designed to prevent. *Waithaka v. Amazon.com, Inc.*, 404 F. Supp. 3d 335, 351 (D. Mass. 2019) (applying the rule because the parties and issues were substantially similar), *aff'd*, 966 F.3d 10 (1st Cir. 2020).

*World Energy* does not support a different result. There, the competing actions arose from different contracts, different parties, and distinct liability questions. 671 F. Supp. 2d at 218. Here, both *In re Kalshi* and *Smith* arise from the same course of conduct: Kalshi's creation, marketing, and sale of sports-event contracts to consumers. They challenge the same platform, contracts, and corporate conduct, and present the same threshold question—whether the CEA preempts state gambling and consumer-protection laws. That common factual and regulatory nucleus readily

11

satisfies the substantial-similarity standard.  Chronology and party overlap also favor transfer.  The first SDNY action was filed more than six months before this case.  All Kalshi Defendants are defendants in *In re Kalshi*, and the Susquehanna Defendants are named in related SDNY actions. *See Roberts v. Kalshi Inc.*, No. 1:26-cv-05246 (S.D.N.Y.); *Reynolds v. Kalshi Inc.*, No. 1:26-cv-05238 (S.D.N.Y.).  The *In re Kalshi* Consolidated Complaint encompasses Plaintiff and the putative class members he seeks to represent, and Robinhood's presence does not defeat substantial similarity.  Ex. E ¶¶ 179-180; *see Thakkar v. United States*, 389 F. Supp. 3d 160, 173 (D. Mass. 2019) (parties sufficiently similar "even where only one of several defendants in the second filed action is the same as the first-filed action" (citation modified)).  Once the Robinhood claims are severed, the chronology, parties, putative classes, and issues all point to the SDNY as the appropriate forum.

Even if the Court declines to sever and transfer, it should stay this action pending resolution of *In re Kalshi*.  The first-to-file rule permits a stay as an alternative to transfer.  *See id.* at 170 ("[T]he usual practice is for the court where the case was first filed to resolve the issues, and the other court to defer by either staying, transferring, or dismissing the action.").  Courts have "broad discretion to stay cases, provided that the length of stay is reasonable and accounts for the competing interests of the parties."  *Id.* at 171 (citation omitted).  A stay would conserve judicial resources, avoid competing threshold determinations, and preserve Plaintiff's claims without prejudice.

## CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court sever Plaintiff's claims against Robinhood and transfer the remaining claims to the SDNY, or, in the alternative, stay this action pending resolution of *In re Kalshi*.

12

August 7, 2026

*/s/ Tawfiq S. Rangwala*
Tawfiq S. Rangwala

**MILBANK LLP**

Sean M. Murphy*
Tawfiq S. Rangwala*
Katherine Kelly Fell*
Matthew J. Laroche*
Andrew L. Porter*
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
smurphy@milbank.com
trangwala@milbank.com
kfell@milbank.com
mlaroche@milbank.com
aporter@milbank.com

Joshua B. Sterling*
1101 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586
jsterling@milbank.com

*admitted *pro hac vice*

**DINSMORE & SHOHL LLP**

Javier F. Flores, BBO#666089
101 Arch Street, Suite 1800
Boston, MA 02110
Telephone: (857) 305-6383
Facsimile: (857) 305-6401
javier.flores@dinsmore.com

*Counsel for Defendants Kalshi Inc., KalshiEX LLC, Kalshi Klear Inc., Kalshi Klear LLC, Kalshi Trading LLC, Susquehanna International Group, LLP, Susquehanna Government Products, LLLP*

13

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the following

counsel, via CM/ECF, this 7th day of August 2026.

Edward F. Haber (BBO #215620)
Ian J. McLoughlin (BBO #647203)
Patrick J. Vallely (BBO #663866)
Shapiro Haber & Urmy LLP
One Boston Place, 26th Floor
Boston, MA 02108
ehaber@shulaw.com
imcloughlin@shulaw.com
pvallely@shulaw.com

Andrew Rainer (BBO #542067)
Jacob B. Wolk (BBO #699263)
Mark Gottlieb (BBO #627008)
Public Health Advocacy Institute
360 Huntington Avenue, CU117
Boston, MA 02115
arainer@phaionline.org
jacobwolk@phaionline.org
mark@phaionline.org
apearlman@phaionline.org

*Attorneys for Plaintiff Nickolas Smith*

Craig Waksler
Nicholas J. Schneider
Eckert Seamans Cherin & Mellott, LLC
2 International Place #1600
Boston, MA 02110
CWaksler@eckertseamans.com
nschneider@eckertseamans.com

Eugene Scalia
Jonathan Bond
Nick Harper
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, D.C. 20036
escalia@gibsondunn.com
jbond@gibsondunn.com
nharper@gibsondunn.com

*Attorneys for Defendant Robinhood Derivatives, LLC*

/s/ Tawfiq S. Rangwala
Tawfiq S. Rangwala

14